**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Douglass Carey,**
**Claimant Below, Petitioner**

**v.)**     **No. 25-502**   (JCN: 2023020798)
                           (ICA No. 24-ICA-436)

**AAA Paving & Sealing, Inc.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Douglass Carey appeals the June 6, 2025, decision of the Intermediate Court of Appeals of West Virginia ("ICA"). *See Carey v. AAA Paving and Sealing, Inc.*, No. 24-ICA-436, 2025 WL 1604382 (W. Va. Ct. App. Jun. 6, 2025) (memorandum decision). Respondent AAA Paving & Sealing, Inc. filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the October 8, 2024, decision of the West Virginia Workers' Compensation Board of Review. The Board of Review affirmed the claim administrator's December 19, 2023, order denying authorization for a walk-in Jacuzzi bathtub and shower and denying authorization for the replacement and repair of boards in the claimant's front porch because the claim administrator "ha[s] not received the medical rationale to explain why the walk in Jacuzzi tub and shower, and front porch boards are medically necessary."[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

The claimant asserts that his treating medical provider found that he was unable to clean himself due to the compensable injury.[3] The claimant's wife is also unable to help him out of the

---

[1] The claimant appears by counsel Reginald D. Henry and Lori J. Withrow, and the employer appears by counsel Jeffrey M. Carder.

[2] The Board of Review affirmed multiple denials of authorization by the claim administrator. On appeal, the claimant seeks the reversal of the Board of Review's decision only as to the denial of authorization for the walk-in Jacuzzi bathtub and shower and the denial of authorization for the replacement and repair of boards in his front porch.

[3] In May 2023, the claimant was electrocuted while working for the employer. The claimant sustained second and third-degree burns over approximately 35% of his body, leading to the

shower. Because bathing is a necessary function of healthy human life, the claimant argues that authorization for a walk-in Jacuzzi bathtub and shower is reasonably required for the claimant's quality of life following the compensable injury. In addition, while the boards in the claimant's front porch have been deteriorating since before the compensable injury occurred, the claimant argues that there is now an increased risk of further injury due to the compensable electrocution and amputation injuries. Therefore, the claimant argues that this Court should reverse the ICA, and grant authorization for a walk-in Jacuzzi bathtub and shower and grant authorization for the replacement and repair of boards in the claimant's front porch as reasonably required and medically necessary to treat the compensable injury.

The employer counters by arguing that the only medical opinion of record addressing whether a walk-in Jacuzzi bathtub and shower is medically necessary and reasonably required is the report of Jennifer L. Lultschik, M.D. Dr. Lultschik provided a detailed analysis in concluding that both the walk-in Jacuzzi bathtub and shower and the replacement and repair of boards in the claimant's front porch are not medically necessary and reasonably required to treat the compensable injury. The claimant conceded that the front porch boards had been deteriorating for twenty years before the compensable injury occurred and that he never replaced and repaired them. Nothing about the compensable injury caused the damage to the boards. Therefore, the employer argues that the Board of Review, as affirmed by the ICA, was not clearly wrong in affirming the denial of authorization for a walk-in Jacuzzi bathtub and shower and the denial of authorization for the replacement and repair of boards in the claimant's front porch.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error regarding the issues on appeal and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: November 25, 2025**

---

amputation of the claimant's right hand up to the mid-forearm, the amputation of his left index finger, and the partial amputation of his left thumb. The claim administrator held the claim compensable for trauma and burns. In an October 20, 2023, letter of medical necessity, Kelsey Parente, PA-C, certified that she had prescribed a walk-in Jacuzzi bathtub and shower as medically necessary for the claimant's treatment. Ms. Parente listed bilateral arm injuries as the claimant's condition but provided no additional information.

**CONCURRED IN BY:**

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison